No. 15,830.

EMERSON v. EMERSON.
(188 P. [2d] 252)

Decided December 8, 1947.    Rehearing denied January 5, 1948.

Mr. Jacob L. Sherman, Mr. Mandell Levy, for plaintiff in error.

Mr. Graham Susman, Mr. Hyman D. Landy, for defendant in error.

Mr. Chief Justice Burke delivered the opinion of the court.

This case involves the custody of the two children of the parties. They appeared in the same order in the trial court and are hereinafter referred to as there.

Plaintiff brought suit for divorce and asked custody of the two children, a daughter aged five and a son aged six. Defendant filed an answer and cross complaint also asking divorce and custody. Later plaintiff withdrew his complaint for divorce and allowed defendant to obtain an uncontested divorce on her cross complaint. The interlocutory decree, entered November 17, 1944, provided that the plaintiff should have custody of the two children. This provision was uncontested by the defendant and apparently was made pursuant to an agreement between the parties, subject to the approval of the court.

Soon after the entry of the interlocutory decree defendant went to California for her health and there, on February 2, 1946, married one Joe Longoni. May 8, 1946 she filed an application to modify the interlocutory decree so as to give her custody of the children. This motion was heard September 12, 1946. In her petition she set forth her remarriage, her residence in the state of California and her ability to then care for the children.

The evidence tended to show that when the interlocutory decree was entered defendant was living in a one room apartment and was working during the day, that her health was not good and that she was then unable to take care of the children; but that since her remarriage and residence in California her health had improved, she had a comfortable home, her husband was employed at a good wage, and that she was not working but was now in a position to give the children proper care. Her present husband was also a witness and testified that he was willing and anxious for his wife to take the children. The evidence further shows that the plaintiff and the children were living with his parents, that the burden of the care of the children fell upon his mother who is sixty-five years of age, and that some feeling had grown up between the plaintiff's mother and defendant so that defendant had some difficulty in exercising her privilege of visiting with the children on some occasions when she sought to do so.

The court, after hearing the evidence and visiting with and questioning the children in private, entered an order modifying the divorce decree and granting the defendant custody of the children for nine months during the school year and plaintiff for the other three. The order further provided that upon posting a bond in the sum of $1000 defendant might take the children to her home in California. Plaintiff was required to pay all expenses of bringing the children from California back to Colorado and returning them at the expiration of the three months' period.

In seeking to have this order set aside plaintiff complains principally that it was arbitrary and an abuse of discretion, and urges to support it there must be proof of change of circumstances since it was entered, citing *Averch v. Averch*, 104 Colo. 365, 90 P. (2d) 962.

The evidence here was sufficient to meet that requirement. In the recent case of *Searle v. Searle*, 115 Colo. 266, 172 P. (2d) 837, we had occasion to comment upon

a similar situation as follows: "When the initial order was entered, both parties lived in Craig, in which situation opportunity for the frequent association of the child with both his parents continuously attended. Such situation obviously has been disrupted by intervening events. Thus, in the interim, on her own volition, plaintiff removed Raymond from Colorado for eight months and now proposes to change his and her abode to Denver. When as a result of the divorce, the family home of the parties in Craig was dissolved, defendant was without facilities for even the temporary care of Raymond. Since then, he has removed from Craig to Vernal, Utah, engaged in business, remarried, and now, as is undisputed, has a fit and proper domestic establishment in which to maintain his son. Under the authorities, any and all of these changes in circumstances are factors pertinent of consideration in a proceeding for the modification of a previous custodial decree. 27 C.J.S. pp. 1188-1192, §317b."

In such matters as custody of small children much must be left to the discretion of the trial judge. Here he saw the children and the parties, and his personal appraisal of them is something which cannot be disclosed by the record. We do not believe that the modification of the order was arbitrary or an abuse of discretion.

The judgment is affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE LUXFORD concur.