## No. 18,094.

FRANCES E. CARPENTER, ETC., AS CARPENTER REAL ESTATE·
*v.* JOSEPH H. FRANCIS, ET AL.

(319 P. [2d] 497)

Decided December 23, 1957. Rehearing denied January 13, 1958.

Mr. ALVIN WEINBERGER, Mr. FRAZIER ARNOLD, Mr. ARNOLD WEINBERGER, for plaintiff in error.

Mr. TELLER AMMONS, Mr. CHARLES D. BROMLEY, Mr. ROBERT T. KINGSLEY, for defendants in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error, who was the plaintiff in the trial court, brought an action to recover a commission which she allegedly earned as the result of the sale of defendants' real estate. At the close of all of the evidence the court entered judgment for the defendants and against the plaintiff dismissing her complaint and dispensing with a motion for new trial.

Plaintiff in error's only point for reversal is based on the misconception that the action of the court in dismissing her complaint was tantamount to dismissal at the close of plaintiff's evidence. If the judgment of dismissal had been entered at the close of plaintiff's case, then, as plaintiff in error contends, every disputed fact or the inferences to be drawn therefrom would have to be resolved in plaintiff's favor. The judgment, however, being on the entire testimony, which was in conflict, can reasonably be resolved in favor of either party. When the trier of facts — in this instance the court — has reached a decision based on competent evidence, the judgment resulting will not be disturbed by this Court. This is the rule we have consistently followed and no citation of authority is necessary.

For plaintiff to recover it was necessary for her to prove she was authorized to act as defendants' agent, that she produced a buyer ready, willing and able to purchase the property on terms prescribed by the owner, and that she was the "efficient agent or procuring cause of the sale." *Satisfaction Co. v. York,* 54 Colo. 566, 131 Pac. 444; *Heady v. Tomlinson,* 134 Colo. 33, 299 P. (2d) 120. Her status as agent was doubtful, and whether she was the efficient means of bringing seller and purchaser together was for the trier of facts. *Satisfaction Co. v. York,* supra. To permit a recovery under the facts presented by this record, would sanction litigation over any "mouth-to-ear" information on the existence of property for sale which can be traced back to a broker at some distant time in the past. It is difficult to conceive a more

remote connection between broker and purchaser than is disclosed by the facts in this case.

Judgment is affirmed.