No. 18,120.

MORRIS HAYUTIN *v.* JOHN DEANDREA.
(337 P. [2d] 383)

Decided March 2, 1959. Rehearing denied April 13, 1959.

Messrs. LEE, BRYANS, KELLY & STANSFIELD, Mr. BRYANT O'DONNELL, for plaintiff in error.

Mr. ANTHONY F. ZARLENGO, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to plaintiff in error as Morris and to defendant in error as John. The action was filed by Morris who claimed that John was indebted to him in the amount of $10,000.00 as a broker's commission on the sale of a tavern owned by John located at 302 - 17th Street, Denver, Colorado. Trial of the issues was to the court without a jury and judgment was entered in favor of John. Morris brings the case here for review by writ of error.

At the conclusion of the evidence, and prior to the entry of judgment, the trial court made the following statement concerning the facts:

"THE COURT: The burden is upon the plaintiff, Morris Hayutin, to prove in this case that he is entitled to a commission from the defendant, John DeAndrea, as a broker in connection with the sale of this tavern. There is a dispute in the evidence relating to whether or not there is a contract between these two parties which would entitle a broker to a commission. The plaintiff says there was the contract and the defendant says there was not. There is nothing in writing in regard to that. This seems to me to be a case similar to

the one referred to in the ........................................ case where the proof must be clear and convincing that there was a contract. The plaintiff seems to rely upon probabilities and inferences reasonably to be drawn from prior associations of these two parties in connection with other deals. In my judgment the weakness of the plaintiff's case is the character of the proof of the 'very first element that must be established, namely a contract. In my judgment that burden has not been discharged. Probabilities and inferences, in my judgment in this case are not sufficient to establish a contract between these parties. The plaintiff and defendant might have been friends for many years. They might have been engaged in many deals of all types and all character. And it could be in this case that the defendant did call upon his friend Hayutin to help him out in this deal to some extent, but all of that put together does not, as I see the evidence, establish by clear and convincing proof a contract.

"I find that the plaintiff has not established his right to recover. He has not established by clear and convincing proof that there was a contract between the two parties which would entitle the plaintiff to a commission. The evidence is not sufficient here to show that the broker was the efficient and procuring cause of the sale. The plaintiff has not established that the deal which was made between him and the witness Terry was substantially consummated as a result of the broker's efforts. The plaintiff has not established that the agent here was the efficient cause of the sale. For all of those reasons I find the issue joined in favor of the defendant and against the plaintiff and the case is dismissed and the necessity for filing a motion for a new trial is dispensed with. The plaintiff is entitled to a stay of execution for sixty days and sixty days to present to the Court a reporter's transcript and a record on error."

As grounds for reversal counsel for Morris contend

that upon the uncontroverted facts the judgment of the trial court is erroneous as a matter of law. Their Summary of the Argument is as follows:

"1. For plaintiff to recover it was not necessary to establish the existence of an express agreement of his employment as defendant's broker. As any other contract, a contract of agency may be established by the facts and circumstances surrounding the transaction.

"2. The trial court misapprehended or improperly construed the decision of this Court in the case of *Heady v. Tomlinson*, 299 P. 2d 120, 134 Colo. 33, and the application of the principle announced in that case to the case at bar.

"3. Plaintiff was entitled to judgment for the commission alleged to be due him because his efforts were the predominating effective cause of bringing about the sale of the property here involved."

The purchaser of the property involved was one Terry, who approached John about buying the tavern after having looked the place over for a period of time. Actually Terry was introduced to Morris by John, hence it cannot be said that Morris produced a purchaser for the property. Terry appeared on the scene without having previously met either John or Morris. It is true that Morris assisted in working out the details of the sale, which involved a total purchase price of $100,000.00. Lawyers representing Terry and John had submitted contracts which for various reasons had not been signed, due to differences between the lawyers concerning some of the provisions thereof. John and Terry were able to agree on terms, however, and in the presence of Morris, who participated actively in the negotiations, Terry gave John a check for $10,000.00 to apply on the purchase price. On the back of the check appears the statement: "Option to Purchase Five O'Clock Bar & Lounge, 302 - 17th St. Denver, Colo. for $100,000.00 Plus Liquor Inv." Following this there is a schedule of payments to be made by Terry. One week elapsed between the time

Terry first contacted John about the purchase, and the day the check mentioned was written. Counsel for Morris assert that:

"This case does not fall within the category of those cases wherein the question at issue is whether or not the broker brought the buyer and seller together. In this case, the evidence of all of the witnesses was to the effect that the purchaser of the property, Terry, after 'casing' the property on his own account decided that he would like to buy it, and approached the defendant with the intention and purpose of effecting a purchase. It was at this point and within the hour that plaintiff received a telephone call from defendant asking him to come to the place of business at once, that it was important. Terry testified that upon his return to the Five O'Clock Club through the request or suggestion of the defendant, he was introduced to the plaintiff on the 2nd of August, 1954. Our position is that defendant, having theretofore given to plaintiff the exclusive right to effect a sale of the property in question, upon being approached by the purchaser, once again turned to his agent or broker, the plaintiff, to negotiate for him and on his behalf with the purchaser and to effectuate and consummate the sale. There is not the slightest doubt but that during the balance of the critical week referred to, plaintiff spent a great deal of time in the Five O'-Clock Club with the purchaser, Terry. The defendant volunteered the information that plaintiff took Terry to lunch one or more times during this period. We submit that the conclusion is inescapable that plaintiff contributed substantially to the ultimate consummation of the sale of this property. On the 7th of August, the purchaser was prepared to return to Roswell, New Mexico, as the several attempts to effect a purchase and sale of the property during the week had failed. It was then that he and the plaintiff sat down and together composed the agreement which he, the purchaser, wrote on the back of the check (Plaintiff's Exhibit A) which

is the memorandum of the agreement respecting the sale of this property and which became finally consummated by the payment of the entire purchase price by the purchaser in accordance with the terms set forth on the back of the check."

In *Heady v. Tomlinson*, 134 Colo. 33, 299 P. (2d) 120, we directed attention to certain rules governing the right of a broker to claim a commission. We there quoted with approval the following:

"First, before the broker can be said to have earned his commission he must produce a purchaser who is ready, willing and able to purchase the property upon the terms, and at a price designated by the principal.

"Second, the broker must be the efficient agent or procuring cause of the sale. The means employed by him and his efforts must result in the sale. He must find the purchaser and the sale must proceed from his efforts *acting as broker*." (Emphasis supplied.) *Babcock v. Merritt*, 1 Colo. App. 84, 27 Pac. 882.

Another statement of the rule generally applicable to cases of this nature will be found in 12 C.J.S. 209, section 91, as follows:

"While it is not essential that the broker's efforts be the sole cause of the sale or other transaction, it is essential that they be the predominating effective cause, and they are not sufficient to entitle him to a commission where they are merely an indirect, incidental, or contributing cause or one of the links in a chain of causes. * * * "

In the instant case the trial court rejected the contention that Morris had an "exclusive right to effect a sale of the property in question." He did not produce a purchaser; the purchaser Terry first contacted John without the intervention of anyone. It was within the exclusive province of the trial court to evaluate the testimony and to determine whether there was a contract under which Morris was employed as a broker, and if so whether his efforts were the procuring cause

of the sale of the property. The findings of the trial court determining that plaintiff had failed to meet the burden of proof resting upon him, in the absence of a clear showing of errors of law, is binding upon this court.

The judgment is affirmed.

MR. CHIEF JUSTICE KNAUSS not participating.