No. 18,441.

MATT C. JAHN, ET AL. *v*. PARK HILL REALTY CO.

(347 P. [2d] 772)

Decided December 21, 1959.

Mr. RICHARD HITE, for plaintiffs in error.

Mr. NATHAN LEE BAUM, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

In the trial court defendant in error recovered a judgment against plaintiffs in error for a real estate broker's commission alleged to be due under an "Exclusive Listing Agreement." We shall refer to the parties as they appeared in the trial court.

On August 20, 1956, defendants executed the agreement giving plaintiff the exclusive right for a period of ninety days to sell certain real estate owned by defendants. The agreement provided that "in case of any sale or exchange of same within the time, either by the undersigned owner, the undersigned broker, or by any person * * * " defendants "agree to pay said broker 5% of the selling price for his services." Between August 20, 1956, and February 15, 1957, plaintiff attempted to make a sale of the property by advertising it, placing signs thereon and attempted to hold an "open house" on the premises, but was denied the right to do so because defendant Lillie Jahn feared "there would be too many colored people to come in the neighborhood." On December 10, 1956, defendant Mrs. Lillie Jahn signed an extension of the listing agreement to March 1, 1957. Subsequent thereto the plaintiff continued its efforts to sell the property with the knowledge and consent of both defendants. On February 5, 1957, defendant Matt C. Jahn signed a contract for sale of the property and the defendants accepted $4,000 as a deposit thereon. Possession of the property was delivered to the contract holder on February 15, 1957, and on February 18, 1957, the utilities on the property were transferred from the defendants to the purchasers. A deed conveying the property to the purchasers was delivered to them by defendants on March 20, 1957.

For reversal it is urged that defendants are not liable for the commission because only one of the owners signed the extension agreement, and because the sale of the property was not completed within the period of the extension.

The trial court found from the evidence that

Mr. Jahn by his acts ratified the extension executed by his wife. We have examined the record and find that there is competent evidence to sustain that finding, and we cannot disturb the same. *Carpenter v. Frances,* 136 Colo. 494, 319 P. (2d) 497.

With reference to the second point urged we need only refer to the testimony of Mr. Jahn as follows:

"Q. As far as you were concerned you considered the deal closed on or about Feb. 15 when he [the purchaser] entered into possession? A. Yes, sir."

Mrs. Jahn testified as follows:

"Q. When did you consider your house was sold? A. Sometime I guess about the week before we moved. Q. About February 7th or 8th? A. Somewhere in there. Q. You considered it sold as of that time? A. Uh huh."

The issues determined in favor of plaintiff by the trial court, being supported by ample competent evidence, the judgment is affirmed.