No. 18,468.

JOHN TRENCHARD *v.* V. J. DUNTON REALTY CO.
(347 P. [2d] 959)

Decided December 28, 1959.

Messrs. MYRICK & SMITH, for plaintiff in error.

Messrs. KNIGHT, LESHER & SCHMIDT, Mr. PHILIP G. GREGG, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

THE parties to this writ of error are here in reverse order of their appearance in the trial court. We shall refer to them as they there appeared.

Plaintiff sued defendant for $575.76 alleged to be a balance due on loans made by plaintiff to defendant be-

tween June 15, 1955, and December 30, 1955. Defendant denied the indebtedness. Trial was to the court and resulted in findings for plaintiff and judgment was entered for the amount prayed for in the complaint.

Defendant brings the case here asserting for reversal that the findings of the trial court are contrary to and not supported by the evidence.

Defendant was a real estate salesman for plaintiff and being short of funds asked plaintiff for $300 per month to meet his financial needs. The question presented in the trial court and here is (1) whether the agreement between the parties was that the moneys delivered to defendant were in fact a loan to be repaid in the event the commissions earned by defendant as an employee of plaintiff did not equal the amount of the advances, or (2) whether the agreement was that the moneys paid were a mere advancement by plaintiff to be repaid only out of the commissions earned by defendant.

The trial court resolved the factual question on competent evidence in favor of plaintiff: That when defendant severed his employment he was indebted to plaintiff in the sum sued for, under the first subdivision of the preceding paragraph.

We need not reiterate the oft' announced rule that where there is sufficient competent evidence in the record to justify the judgment the same will not be disturbed by this court. In *Carpenter v. Francis*, 136 Colo. 494, 319 P. (2d) 497, this court said: "The judgment, however, being on the entire testimony, which was in conflict, can reasonably be resolved in favor of either party. When the trier of facts — in this instance the court — has reached a decision based on competent evidence, the judgment resulting will not be disturbed by this court. This is a rule we have consistently followed and no citation of authority is necessary."

The judgment is affirmed.

Mr. Justice Hall not participating.