## Howard S. Miles v. Mary E. Farnsworth

[160 A.2d 759]

March Term, 1960

Present: **Hulburd, C. J. Holden, Shangraw and Smith, JJ.**

Opinion Filed May 3, 1960

*Parker & Ainsworth* for the petitionee.

*Latham & Peisch* and *Wallace C. Schinoski* for the petitioner.

**Smith, J.** This is an appeal from the modification of a decree of custody of a minor child made by the Windsor County Court on July 2, 1959. The decree appealed from changes the custody of the child from that of the petitioner to that of the petitionee, subject to certain visitation rights granted to the petitioner. The case is brought here by notice of appeal filed on Aug. 8, 1959.

The parties to this action are the parents of a son, Dennis, now ten years old, whose custody has been a continuing matter

of dispute between the parties since the granting of a divorce to the petitionee from the petitioner by the Windsor County Court on Feb. 14, 1952.

At the time of the granting of the divorce, when Dennis was eighteen months old, a stipulation relative to the custody of the child was filed with the county court by the parents. The court chose to follow the terms of the stipulation and the custody of the boy was awarded to the petitioner, providing that the child should be maintained at the home of the paternal grandparents, and with certain visitation rights granted to the petitionee.

The first petition to modify the custody order brought by the petitionee in 1953 was dismissed. But a petition to modify brought by the petitionee in July of 1955 resulted in a modification of the custody order by virtue of another stipulation filed by the parties. The modification was in allowance of further visitation rights to the petitionee. In July of 1956 another petition for modification of the custody order was brought by the petitionee which was, in fact, a further proceeding under the petition of July, 1955.

Following the hearing on the above petition a further modification of the original custody order was made which allowed the petitionee to have Dennis with her at her home during most of his school vacation periods. The custody, however, still remained with the father, the petitioner here, provided that the child continued to be maintained by Mrs. Nora Miles, his paternal grandmother.

The petition, which has resulted in the order appealed from here, was filed on April 19, 1958, and, by agreement of the parties, was heard by the presiding judge of the Windsor County Court, sitting alone, on Dec. 4, 1958. Findings of fact were filed on Feb. 5, 1959, and the order providing for the change of custody from the father to the mother was filed on July 2, 1959.

The petitioner has confined himself by his brief to the issue of whether the judgment order in the case is supported by the evidence and the findings of fact. His sole argument is that nothing in the evidence, or in the findings of fact, shows any substantial change of circumstances since the order of Oct.

19, 1956 that requires a change of custody for the best interests of the child.

In the recent case of *Mc Kinney* v. *Kelley,* 120 Vt. 299, 302-303, 141 A.2d 660, 663, Chief Justice Hulburd stated, "It is well settled that in order to warrant a modification of a custody order, change in conditions or circumstances must be shown. It is equally well settled that it is the welfare of the child which in the last analysis is determinative in a custody matter." The Chief Justice then went on to say, "It is for the trial court to determine whether a change of custody is desirable under the altered circumstances. This determination often involves a balancing of the advantages and disadvantages which would result in granting custody to one or the other of two parents. Thus it becomes a question of judgment and sound discretion, and if the county court does not abuse its discretion in the determination, there is nothing for this Court to review."

The findings of fact, and the evidence, disclose that Dennis has been in the actual care of his Grandmother Miles, except for the times when he has been visiting his mother, since the time of the divorce. His father, in whose nominal custody he has been, loves the boy, but has done little in supervising or training him. The grandmother, the evidence and findings disclose, has done her best for the boy and loves him devotedly. But just as the passage of time has brought Dennis to the age of 10, it has brought the grandmother to the age of 83.

The mother of Dennis became Mrs. Farnsworth some six or seven years ago. For a time after her remarriage she was employed and she and her husband lived in a trailer. But, since bringing of the petition in 1955, in which she stated she was about to move into a new home in Chester, she has moved into the new home with her husband, and devotes her full time to her home and family.

It appears from both the evidence and the findings of fact that the Farnsworth family have become active members of the community in which they live, as well as playing an active part in the affairs of their church. Since the time of the 1956 hearing a daughter, Sandra, who is, of course, a half sister

to Dennis, has been added to the Farnsworth family. The evidence and findings also show that Mr. Farnsworth and Dennis have become attached to each other during the boy's visitation periods in the Farnsworth home, and that Mr. Farnsworth joins with his wife in wanting Dennis as a member of his family. The findings and the evidence also disclose that there is the necessary economic security, emotional stability and love in the Farnsworth household to make an excellent home for Dennis.

While the remarriage of the mother, and the purchase of the home in Chester were circumstances that existed at the time of the hearings on the petition to modify brought in 1956, the establishment of the home, the birth of the half-sister, the community and church activities of the Farnsworths, are all circumstances that have come into being subsequent to the 1956 hearings.

The evidence and the findings of fact are also to the effect that the father of Dennis, the petitioner here, despite his affection for his son, has contributed little to him in the way of companionship or spiritual well being. The findings state that the grandmother has attempted to supply these deficiences in the boy's training, but that her advanced age as compared with the infancy of the boy, makes it doubtful that she can continue to supply this upbringing at this time, and in the future.

Age may not lessen the love of the grandmother for the grandson, but there can be no doubt that time in its relentless passage has brought, and will further bring, increased strength and activity to the growing boy, while the same passing years have diminished, and will further diminish, these same qualities in the grandmother. The worlds of the very young and the very old are too distant in time for one to understand the sphere of the other. And, while increasing age may not, in itself, be a substantial circumstance, when considered with other circumstances relating to the welfare of a child, it may become so. And in case of an active, healthy boy of ten years, who will need constant and active supervision during his formative years,

an inability to furnish such supervision because of the infirmatives of advanced years, is a substantial circumstance for the court to consider in the matter of custody. There can be no fixed standard to determine what constitutes a substantial change in circumstances. The court is guided only by the rule of very general application that the welfare and best interest of the child are the primary concern in determining whether the order should be changed.

■ While it is apparent that the real issue determined by the court below was whether the mother or the grandmother should have the actual and active custody of the boy, the grandmother is actually a third person to this marriage relationship. As between a mother and a third party the mother must prevail in a custody case, in the absence of compelling reasons to the contrary which are not present here. *Heard* v. *Heard*, 323 Mass. 357, 82 N. E.2d 219, 231; 17 Am. Jur. Divorce and Separation, p. 17.

■■ As between the father and mother, the findings and evidence disclose that there is a lack of proper supervision on the part of the father over the boy, while, in contrast, the evidence and findings are that the mother and step-father can afford the boy excellent home surrounds and the training and beneficial influences needed by a child of his age. The weight of the evidence was for the trial court and its findings are not for revision here. *Platt* v. *Shields and Conant*, 96 Vt. 257, 271, 119 A. 520. The remarriage of the mother and the establishment of a satisfactory and suitable home and a showing of willingness and ability to take care of a child may amount to a sufficient alteration of conditions as to warrant a change in custody. *Emerson* v. *Emerson*, 117 Colo. 384, 188 P.2d 252, 27A C. J. S. Divorce §147, p. 555.

*For the reasons stated the judgment order of the County Court is affirmed.*