No. 19,121.

ROBERT G. WIEDERSPAHN *v.* BEVERLY K. WIEDERSPAHN.
(361 P. [2d] 125)

Decided April 17, 1961.

Messrs. LAWTHER & DUDLEY, for plaintiff in error.

Messrs. CREAMER AND CREAMER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THE parties appear here in reverse order to their appearances below. They will be referred to as they appeared in the trial court.

On November 10, 1958, plaintiff was granted a divorce from the defendant. Under the terms of the decree, she was granted custody of the minor child of these parties, Robert G. Wiederspahn, Jr., subject to rights of reasonable visitation by the defendant. Subsequently, she petitioned the trial court to permit her to remove this child with her from the State of Colorado to the State of Missouri. According to her petition, she contemplated remarriage, and it would be necessary for her husband to live in Missouri, where she desired to move with her child. The record indicates that plaintiff was in fact remarried on May 22, 1959, and that she and her present husband were then living in Kansas City, Missouri. In her petition plaintiff also asked the trial court to grant an order restraining defendant from "annoying her, using foul and vulgar language toward her and in her presence, and directing defendant not to call for the child of these parties when he is intoxicated or under the influence of intoxicating liquor."

There were extensive findings of fact by the trial court after hearing testimony and argument. The relevant issues of law were briefed by counsel. The trial court found that defendant had been conducting himself in accord with the statements made in plaintiff's petition, and issued the requested restraining order. The court also found that there was no evidence from which to conclude that plaintiff's home would not be a fit and proper place in which to rear a child. It accordingly held that plaintiff was entitled to the continued care, custody and control of this child, who is now four years old. In its order the court provided that the child shall

be returned to Jefferson County in the spring of each year, for a period of three weeks, and then be returned to the custody of the plaintiff, all at plaintiff's expense. Defendant by writ of error seeks reversal of the order of the trial court.

██ ██ It is a well established principle that findings of fact by the trial court, when supported by sufficient competent evidence, will not be disturbed on review, absent a showing of abuse of discretion. This principle has been approved many times by this court. See *Trenchard v. V. J. Dunton Realty Co.* (1959) 141 Colo. 360, 347 P. (2d) 959. The reasons for this salutary rule are well known. There are matters relating to weight of the evidence and the credit to be accorded the testimony of witnesses not apparent on the bare face of the record presented for review. The trial court is thus best fitted to make a determination of the fact. These considerations are particularly applicable in an action involving the custody of a child. Questions of custody must of necessity rest upon the judgment of the trier of facts, hence are best left in the hands of the trial court, and its determination should not be disturbed if there is sufficient competent evidence to support its conclusion. As was said in *Emerson v. Emerson* (1947), 117 Colo. 384, 387, 188 P. (2d) 252:

"In such matters as custody of small children much must be left to the discretion of the trial judge. Here he saw the children and the parties, and his personal appraisal of them is something which cannot be disclosed by the record. We do not believe that the modification of the order was arbitrary or an abuse of discretion."

██ Furthermore, there is nothing irrevocable about a custody order. Such an order may be modified at any time when circumstances are shown to have changed in regard to the child's requirements or welfare. In *Searle v. Searle* (1946), 115 Colo. 266, 172 P. (2d) 837, it was said:

"It is elementary that the divorce court may from time

to time modify the custodial features of its decree as the circumstances of the parents and the welfare of the child may require * * *.''

In the instant case the holding of the trial court is adequately supported by the record. The trial judge went to great lengths to determine what were the best interests of the child. He had due regard too for the interests of both the father and mother and tried, we believe successfully, to work out a system protecting all three. There was testimony by both of plaintiff's ex-husbands to the effect that she kept her children clean, well-groomed, and that so far as the children were concerned, she has been a good mother. The record indicates that plaintiff now lives in a three-bedroom home in a good neighborhood in Kansas City. Her new husband's financial stability and business dealings appear to be a matter of controversy and plaintiff's past personal behavior has not been above reproach. On the other hand, according to the findings below, defendant's conduct has not been altogether blameless.

This very young child has always lived with his mother or her parents. To take him away from his mother at this point would be a radical step, particularly since she has moved to Kansas City. Defendant does not offer a reasonable alternative, since he has no home of his own, and the child would have to be kept by defendant's parents.

The judgment must be affirmed. The present bond is to be discharged, but the trial court is directed to require a new cash or surety bond from plaintiff in the amount of one thousand dollars ($1,000.00) in order to assure her compliance with present and such future orders of the court as circumstances shall warrant, said bond to continue at the discretion of the trial court.

Mr. Justice Day and Mr. Justice McWilliams concur.