No. 19,508.

Joseph N. Minissale, dba Minissale Realty Co. *v.*
Sam Goldman, et al.
(363 P. [2d] 488)

Decided July 10, 1961.   Rehearing denied July 31, 1961.

Messrs. Zarlengo, Zarlengo and Seavy, Mr. Harry H.
Ruston, for plaintiff in error.

Mr. Graham Susman, Mr. Hyman D. Landy, for defendants in error.

*In Department.*

Opinion by Mr. Justice Moore.

Plaintiff in error, to whom we will refer as plaintiff, brought this action in the district court against defendants in error, hereinafter referred to as defendants or by name, in which he sought judgment for the amount of commission alleged to be due him on the sale of certain shoe stores and merchandise. Plaintiff suffered adverse

judgment in a trial to the court and is here on writ of error directed to that judgment.

The complaint set forth two claims, one for a broker's commission allegedly due on a deal which plaintiff alleges he was prevented from closing because of interference on the part of defendants. The second is grounded upon the assertion that defendants sold the property involved to one Sam Shames who was the customer and client of plaintiff, and that plaintiff was the efficient agent and procuring cause of the sale.

No good purpose would be served in detailing the somewhat involved chain of events disclosed by the record in the case. No evidence was presented tending to sustain the claim that plaintiff was prevented from making a sale because of interference on the part of defendants, and that claim was properly dismissed. No unusual or new proposition of law is involved in connection with the claim based upon the sale by defendants to Sam Shames. The legal principles applicable are well settled, and are succinctly stated in *Heady v. Tomlinson,* 134 Colo. 33, 299 P. (2d) 120; *Hayutin v. DeAndrea,* 139 Colo. 40, 337 P. (2d) 383; and *Dunklee v. Shepherd, et al.,* 145 Colo. 197, 358 P. (2d) 25.

The trial court, in resolving the issues against the contentions of plaintiff, commented inter alia as follows:

"The court finds that there is no contract of employment between the plaintiff and the defendant for the sale of this property at the time of the purchase by Shames. The contract which had existed between plaintiff and defendant had expired and the testimony of the plaintiff was that he considered the relationship as completely terminated and over with.

"The court finds that the plaintiff was not the efficient agent or producing cause of the sale of this property by the defendant to Sam Shames or S. and S. Trading Company. The plaintiff has not established by a preponderance of the evidence that he is entitled to any

commission as a broker arising out of the sale of the property of the defendant. to Shames or the S. and S. Trading Company, whatever it is, that bought it."

We have read the entire record and it is clear that the conclusions of the trial court are fully supported by the evidence.

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.