492 P.2d 906 (1971)
Mary F. KUSHNIR, Plaintiff in Error,
v.
AMERICAN MEDICAL CENTER AT DENVER, formerly known as Jewish Consumptive Relief Society, a non-profit corporation, Defendant in Error.
No. 71-267, (Supreme Court No. 24540.)
Colorado Court of Appeals, Div. I.
December 28, 1971.
*907 Arlen S. Ambrose, Robert L. McMichael, Pueblo, for plaintiff in error.
Samuel J. Frazin, Gerald N. Mellman, Denver, for defendant in error.
Not Selected for Official Publication.
COYTE, Judge.
This case was transferred from the Supreme Court pursuant to statute.
Plaintiff in error was the plaintiff below, and will be referred to as plaintiff; defendant in error was the defendant below, and will be referred to as defendant.
From approximately 1935 until some time in 1957, plaintiff was employed as a "field secretary" for defendant, a non-profit, charitable organization. Plaintiff's duties were to travel within designated territories, including New Mexico, at her own expense, and to solicit funds on behalf of defendant. Her compensation was based entirely upon a percentage of the monies brought in through her efforts.
During the period of plaintiff's employment on defendant's behalf, she contacted Dr. Alexander P. Horwitz of Roswell, New Mexico. On March 25, 1964, Dr. Horwitz died, leaving a last will and testament, from which defendant received a sum of cash and certain property interests in New Mexico.
Plaintiff filed suit against defendant, seeking judgment in an amount equal to fifty percent of the value of all funds and property received by defendant from the estate of Alexander P. Horwitz. Trial was to the court. At the close of plaintiff's case, defendant's motion for dismissal was granted, and plaintiff has appealed. We affirm.

I.
The first issue before us is whether under the evidence in the record, it was proper for the trial court to dismiss the complaint.
Plaintiff testified that she was to receive fifty percent of all monies brought in through her efforts. An official of defendant verified her employment by writing her a letter which stated, in part: "You paid all of your expenses, and you *908 were paid 50% of all money you sent in directly or that was sent in by people who had been contacted by you." In her deposition which was offered into evidence by plaintiff, the housekeeper of Dr. Horwitz testified:
"Prior to the 1961 will which was admitted to probate, he had made provision for the J.C.R.S. in an earlier will. To the best of my knowledge and belief the earlier will was drawn prior to the time he had any contacts with Mrs. Kushnir. I feel certain that a bequest was made to J.C.R.S. by will of Dr. and Mrs. Horwitz prior to the time of the death of Mrs. Horwitz in 1956."
Plaintiff argues that this is hearsay evidence and that it could not be relied upon by the court. We disagree. It is evidence contained within the deposition offered by plaintiff without restriction and she is bound by testimony contained therein.
The court in its findings found that Dr. Horwitz had already made a bequest to the defendant prior to the time that plaintiff had first contacted him, and that there was nothing in the record to indicate that she was the procuring cause of his making a bequest to the defendant in his last will and testament.
The general rule is stated in Hayutin v. De Andrea, 139 Colo. 40, 337 P.2d 383, as follows:
"While it is not essential that the broker's efforts be the sole cause of the sale or other transaction, it is essential that they be the predominating effective cause, and they are not sufficient to entitle him to a commission where they are merely an indirect, incidental, or contributing cause or one of the links in a chain of causes."
The evidence does not support plaintiff's contention that she was the procuring cause of the bequest in Dr. Horwitz' will and it was not error to dismiss plaintiff's complaint at the conclusion of her evidence. Teodonno v. Bachman, 158 Colo. 1, 404 P.2d 284.

II.
Error is assigned to the exclusion of plaintiff's testimony quoting defendant's executive director at the time plaintiff was hired.
The court at first sustained the objection to plaintiff's questions as to conversations with the executive director (now deceased), at the time she was hired. At the time the question was first asked and objection was sustained, there was no offer of proof made by plaintiff and no showing that the testimony if allowed would have been relevant or material. Further, when the objection was sustained, there was confusion because of a similarity of names between this person and a person still living, and present in court. Later, however, plaintiff testified without objection regarding instructions she had received at the time of her employment. There was no error in the initial ruling of the court on the rejection of these conversations.

III.
Plaintiff complains because the trial court refused to admit into evidence certain letters received from the housekeeper of Dr. Horwitz. These exhibits were offered into evidence for the stated purpose of showing a course of conduct with Dr. Horwitz and the housekeeper. As plaintiff's counsel states in his brief, "The court's ruling was made prior to the time when the materiality and relevancy of the excluded exhibits could be brought to the court's attention." This was prior in point of time to the offering into evidence of the deposition of the housekeeper. Counsel reserved the right to tender the excluded exhibits at a later time, but this was not done. Nevertheless, we have examined the letters and had they been introduced into evidence they would have had no evidentiary value on the matters at issue herein. It was not error to exclude them.
Judgment affirmed.
SILVERSTEIN, C.J., and DWYER, J., concur.