506 P.2d 757 (1973)
James C. STANK, d/b/a Acme Realty Company, Plaintiff-Appellee,
v.
Ervin I. MICHAELSON, Defendant-Appellant.
No. 72-010.
Colorado Court of Appeals, Div. II.
February 14, 1973.
*758 Walter O. Cass, Robert B. Cartwright, Denver, for plaintiff-appellee.
Allen P. Mitchem, Lawrence E. Schauf, Denver, for defendant-appellant.
Selected for Official Publication.
DWYER, Judge.
This action to recover a real estate broker's commission was brought by James C. Stank, plaintiff-appellee, against Ervin I. Michaelson, defendant-appellant. Plaintiff claimed the commission in connection with the sale by Temple Buell College of certain improved real estate to the defendant. The purchase price of the property was $134,500, and plaintiff alleged in his complaint that defendant was obligated to pay him a commission of 6% of this sale price. Defendant alleged that the parties had agreed that plaintiff would receive $1,000 for his services, that he had paid this amount, and that he had no further obligation to plaintiff. The trial court found that plaintiff was entitled to recover a 6% commission and entered judgment in that amount for the plaintiff. We reverse.
In October 1967, Michaelson was interested in acquiring the real estate from the college. Michaelson knew from inquiries he had made that the college was willing to sell the property. Michaelson contacted Stank, told him of his desire to buy the property, and asked Stank to assist him in acquiring it. Michaelson testified that he agreed to pay Stank $1,000 for his services in closing the deal. Stank admitted that his first contact with the transaction was this conversation with Michaelson, but he denied that he and Michaelson ever discussed the amount of compensation or commission that he was to receive for his services. Following this conversation, Stank contacted an official of the college, and, on October 11, 1967, Stank obtained a written listing agreement. This document is entitled "Exclusive Listing and Right to Sell to One Party" and authorized Stank to sell the property to his undisclosed prospect for the sum of $153,000. The agreement provided that Stank would receive a commission of 6% of this price in the event the property was sold pursuant to this listing.
After obtaining the listing, Stank contacted Michaelson, and, after their discussion, Stank submitted to the college an offer by Michaelson to purchase the property for $134,500. This offer, in the form of a receipt and option contract, was submitted on October 11, 1967, and contained the notation "sales commission is to be paid by purchaser." This contract was ultimately approved by the Board of Trustees of the college, and the sales transaction was closed pursuant to the contract. The settlement statements which Stank prepared for use in the closing contained no reference to commissions in connection with the sale other than a space for the insertion of the amount of commission, and this space was left blank. Following the closing of the *759 transaction on November 10, 1967, Michaelson paid Stank the sum of $1,000. Some time after accepting the $1,000 payment, Stank demanded a commission of 6% of the sale price and, after this demand was refused, commenced this action on June 4, 1969.
The evidence established that Michaelson employed Stank, that Stank performed his services, and that he was entitled to compensation. The issue at trial and on this appeal is the amount which Stank was entitled to receive for his services. Michaelson testified that the parties agreed that the amount of compensation or commission was to be $1,000. Stank testified that there was no agreement on the amount and claimed that he was entitled to 6% of the sales price which he testified was the customary and usual commission for the sale of residential property. The trial court found that there was no agreement concerning compensation and that in the absence of an express agreement for compensation Stank was entitled to the customary broker's commission. Michaelson contends that evidence of the customary sales commission charged by real estate brokers was inadmissible and that the judgment based upon such evidence is erroneous.
The evidence clearly shows that Stank was not employed as a broker. To be a broker, one must find the person to whom to sell, or from whom to buy, as the case may be. Bassick v. Aetna Explosives Co., D.C., 246 F. 974. Stank was not employed by the college to find a buyer for the property, and he was not employed by Michaelson to find a seller. Michaelson planned to purchase the specific property before he contacted Stank. All Stank did was to assist Michaelson in completing his plan to purchase the property. Although Stank assisted Michaelson in completing his plan to purchase the property, Stank was not the efficient agent or procuring cause of the sale, and thus he is not entitled to a broker's commission. Absent a contract so specifying, one cannot claim a broker's commission for merely participating in negotiating or closing a sales transaction between a ready buyer and a willing seller since such services, as a matter of law, are not the procuring or efficient cause of the sale. See Hayutin v. De Andrea, 139 Colo. 40, 337 P.2d 383; Heady v. Tomlinson, 134 Colo. 33, 299 P.2d 120; Babcock v. Merritt, 1 Colo.App. 84, 27 P. 882.
The court was in error in admitting evidence of the usual and customary broker's commission for the sale of real estate. The findings and judgment of the court are not supported by competent evidence. The judgment is reversed, and the cause is remanded with directions to enter judgment for defendant.
COYTE and ENOCH, JJ., concur.