## No. 17,655.

Louise M. Nunemacher *v.* Robert N. Nunemacher, Jr.

(287 P. [2d] 663)

Decided September 12, 1955.

Mr. Kenneth L. Smith, for plaintiff in error.

Messrs. Yegge, Bates, Hall & Shulenberg, Mr. Ronald V. Yegge, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

We will refer to plaintiff in error as "plaintiff" and defendant in error as "defendant," such being their res-

pective positions in the trial court. Plaintiff, the wife, obtained a non-contested decree in divorce. In her complaint plaintiff prayed for temporary and permanent alimony; division of property held by the parties; counsel fees, and costs. About a month after the interlocutory decree was entered the trial court entered an order directing defendant to pay plaintiff, as temporary alimony, the sum of $225.00 per month. The final decree was entered on September 30, 1954. In December, 1954, a hearing was had on the matter of permanent alimony, division of property, etc., and on January 20, 1955, the trial court made its order and decree by which plaintiff was awarded the following assets and the value of each item is admitted:

The residence she occupies and its furnishings, $23,000; an Oldsmobile automobile, $900; one half of joint checking account, $1,048.65; a Government bond, $450; an undivided half interest in Loper Land in Kansas, $3,000; 20 shares of Ashland Oil stock, $500; and other stocks valued at $1,908.50. There is some doubt as to whether the $23,000 valuation of the home property includes the value of the household goods and furniture awarded to plaintiff. The residence awarded to plaintiff consists of five rooms upstairs and a basement consisting of two bedrooms, living room and kitchen. Defendant in error raises no question about the propriety of an additional order by which plaintiff was made beneficiary under a $7,000 insurance policy on the life of the husband, who was ordered to pay the premiums thereon as same accrued. As to the validity of this portion of the order we express no opinion.

In this decree and order the trial court stated that he was of the opinion "from the evidence, that plaintiff is able to work at least part time, and that she should find regular employment on such part time basis. The court thinks this will be of benefit to her." The trial court awarded plaintiff the sum of $100 per month as permanent alimony. This order, of course, is subject to review

by the trial court in the event a changed condition arises.

By the order dividing the property, defendant was permitted to retain cash and bank accounts of $2,105.50; a Ford automobile valued at $1,000; one-half interest in Loper Land in Kansas, $3,000; stocks valued at $16,829.50; the Spring Creek Ranch in Kansas, inherited by defendant from his uncle and claimed to be worth $41,000. The record discloses that the two ranch properties in Kansas are in the "Dust Bowl."

Plaintiff brings the cause here on writ of error seeking a review of the awards made by the trial court with reference to the division of property and award of permanent alimony. It is contended that the trial court erred in "allowing a small portion of the assets of the parties acquired during their married life to plaintiff," and that the trial court erred "in not allowing more than $100.00 per month to the plaintiff as permanent alimony."

Many factors enter into the determination of what division of property shall be made in the event of a divorce. Among these are the value of the estate to be divided; the financial condition of the parties; the ability of each spouse to earn money; how the property was acquired; the age and status of the parties, and all pertinent facts and circumstances bearing on the question.

A considerable portion of the reporter's transcript in this matter consists of testimony on the part of plaintiff regarding her claimed impaired physical condition, and the evidence of physicians produced as witnesses by both parties concerning the same matter. The trial judge had an opportunity to see and hear the plaintiff, and from the record presented, was of the opinion that she was not unable to work. In the light of the vast experience of the trial judge in matters of this kind, it was his conclusion that since plaintiff had formerly been a comptometer operator and had done office work "it would be of benefit to her" to seek remunerative employment, at least on a part-time basis.

Difficulty attends in arriving at a fair and equitable solution of matters of this kind, and the consideration thereof presents situations which in nearly every case try the patience of our courts. The instant case was tried by a seasoned judge with wide and varied experience in the field of domestic relations. The record discloses nothing which indicates, even remotely, an abuse of the judicial discretion vested in the trier of facts. He patiently heard all the evidence submitted by the parties, observed the witnesses, considered the testimony, the exhibits and affidavits offered, and after mature deliberation made his order and decree.

If we were preparing a decree in this case we might have made other disposition of the property involved, and perhaps might have entered a different order for permanent alimony. We do not, however, regard the conclusions of the trial court, based upon the evidence, as an abuse of discretion.

Matters of alimony and property settlement between husband and wife are within the sound discretion of the trial judge, and if supported by competent evidence will not ordinarily be disturbed on review. *Williams v. Williams,* 110 Colo. 473, 135 P. (2d) 1016; *Kleiger v. Kleiger,* 127 Colo. 86, 254 P. (2d) 426; *Mickle v. Mickle,* 125 Colo. 21, 239 P. (2d) 988. We have uniformly held that we will follow the trial court's findings in matters of this kind, if they have support in the evidence.

In sum, what counsel for plaintiff asks us to do is to fix permanent alimony, and readjust the property settlement by giving plaintiff more than was awarded in the court below. This was a function of the trial court and cannot be assumed by us.

It may be added that this action originally was one for separate maintenance, and was later converted into a divorce suit. This was voluntary on the part of plaintiff, and when she sought and obtained a decree of divorce, she thereby submitted the matter of alimony and property settlement to the sound discretion of the judge who

304

heard the case. His action in the premises, being supported by competent evidence, cannot under this record be successfully challenged.

No prejudicial error appearing, the judgment and decree is affirmed.