No. 19,439.

IRENE L. SAMELSON *v.* MOREY A. SAMELSON.

(360 P. [2d] 451)

Decided March 20, 1961.

Mr. FRANK A. BRUNO, Mr. ROGER F. JOHNSON, for plaintiff in error.

Mr. HENRY S. SHERMAN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THE parties are here in the same order they appeared in the trial court, and will be referred to accordingly.

On January 27, 1960, plaintiff obtained a divorce from defendant. As an incident to the decree, defendant was ordered to pay plaintiff $300.00 per month for three months together with a sum of $7,800.00 in lieu of permanent alimony. By this writ of error plaintiff seeks to have this provision declared inadequate.

 The question of whether alimony is to be

awarded, and the amount thereof, is within the sound discretion of the trial court, and will not be disturbed except upon a clear showing of abuse of discretion. *Lanz v. Lanz*, (1960) 143 Colo. 73, 351 P. (2d) 845.

In awarding the plaintiff the sum of $7,800.00, the trial court took into account any contribution the plaintiff may have made to the property acquired by defendant during the marriage and stated that the award was to constitute a complete settlement between the parties.

The parties had been married only six and a half years; both had been married before. At the time of their marriage plaintiff was thirty and defendant forty-three years of age, and plaintiff was then employed. After the marriage the parties lived in the home then occupied by defendant and his seven-year-old daughter. Plaintiff performed well and properly the usual duties of a housewife and stepmother. No children were born of this marriage. There is nothing in the record to establish, as a matter of law, that plaintiff is entitled to a larger award, and considering all the facts and circumstances, no abuse of discretion by the trial court is shown in making its determination as to the relative rights of the parties. As stated in *Nunemacher v. Nunemacher* (1955), 132 Colo. 300, 287 P. (2d) 663:

"If we were preparing a decree in this case we might have made other disposition of the property involved, and perhaps might have entered a different order for permanent alimony. We do not, however, regard the conclusions of the trial court, based upon the evidence, as an abuse of discretion."

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE McWILLIAMS concur.