514

## No. 19,689.

IVAN WALLACE FLOR *v.* DORIS ELEANORE FLOR.

(366 P. [2d] 664)

Decided December 4, 1961.

Mr. JAMES B. RADETSKY, for plaintiff in error.

Messrs. BURNETT, WATSON & HORAN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiff in error as the "husband" and to defendant in error as the "wife."

The action was commenced September 30, 1959, by the

wife who sought a decree of divorce from the husband upon the statutory ground of cruelty. The wife also alleged that the husband was indebted to her in the sum of $9,100.00 which indebtedness included "$8,000.00 cash loaned by plaintiff to defendant for home defendant now occupies." The prayer of the wife's complaint was that judgment enter granting her, "* * * a divorce, custody of the minor children, support for the children, repayment of loans, attorney fees, and costs, and for such other and further relief as the Court may deem proper."

On March 9, 1960, the husband filed an answer to plaintiff's complaint, in which he admitted the marriage of the parties and the birth of two children. He denied the alleged acts of cruelty with which he was charged in the complaint and denied any indebtedness to the wife. On the same day the answer was filed the court entered the following order:

"And thereupon, it is ordered by the Court that the defendant may have leave to withdraw his Answer; and defendant allows the case to proceed as a non-contested case.

"And thereupon, it is ordered by the Court that this cause be, and the same is, set for trial to Court this 9th day of March, A.D. 1960."

The court heard the evidence offered and granted a divorce to the wife. July 21, 1960, the cause came on for hearing upon the issues relating to support and custody of the minor children, division of property, attorney fees, etc., and the court took the matter under advisement. September 22, 1960, the trial court decided the matter and held as follows, insofar as pertinent to the issues argued in this court.

"2. That during the year 1958 the plaintiff received certain monies by way of inheritance or distribution from her mother's estate which were applied for the purchase of family property and for family maintenance, but which, from the evidence, cannot now be identified with specific property subject to division other than that divi-

sion of property which the parties have already made and accomplished. The plaintiff makes claim for the return of the sum of $1,100.00 represented by a check which she endorsed over to the defendant prior to the separation. However, the proof is insufficient to show that the proceeds of this check are now represented by specific property subject to division by this Court, or that the funds were used other than for a mutual family purpose, and therefore, her claim for the return of this sum should be denied. However, the plaintiff advanced to the defendant, the sum of $8,000.00 which he used for the purchase of a home at 4380 Dover Street in Lakewood, Jefferson County, Colorado, and he took title thereto in his own name. The Court finds that the defendant should repay this sum to the plaintiff, and that the plaintiff should have security upon the equity in said home premises of the defendant to secure the repayment of said sum.

\* \* \*

"2. The defendant shall pay plaintiff, in division of property, the sum of $8,000.00, together with interest thereon at the rate of 6% per annum from the date of this order. To secure the repayment of this sum to the plaintiff, the plaintiff shall have a lien upon the real property described in the Lis Pendens recorded May 18, 1960, with the Clerk and Recorder's Office, Jefferson County, State of Colorado, in Book 1274 at page 19, \* \* \*."

\* \* \*

"\* \* \* If the defendant is unable to pay said sum to the plaintiff in full upon the entry of this decree, he shall commence repayment of said amount in monthly installments commencing November 15, 1960, in an amount sufficient to fully retire said indebtedness, including interest, over a period of 10 years, and in the event of the nonpayment of said monthly installments, the plaintiff shall have such remedy as is provided by law for the enforcement of this order and decree."

With reference to the custody of the two daughters of the parties the trial court found the following:

"1. The parties have two minor children of this marriage, to wit: Elaine Lee Flor, age 8 years, and Janice Ann Flor, age 4 years. Since the commencement of this action, no order of court has been made relative to custody, either temporary or permanent, concerning these children, but by private arrangement of the parties, the children have remained with their father, the defendant herein, subject to liberal visitation by their mother, the plaintiff herein, and both parties eagerly desire the permanent custody of the said children. The Court finds that the plaintiff is a fit and proper person to have the permanent care, custody and control of her two minor daughters, and is purchasing a home close to schools in the City and County of Denver, State of Colorado, and these circumstances provide a suitable environment for the rearing of said minor children; and it is in the best interests of said children, considering particularly their tender years, that their mother be granted their permanent custody."

There is no merit to the contention of counsel for the husband that the trial court erred in granting custody of the children to the wife. No good purpose would be served in setting forth the details of the controversy with regard thereto. Suffice it to quote from the opinion of this court in *Emerson v. Emerson*, 117 Colo. 384, 188 P. (2d) 252, as follows:

"In such matters as custody of small children much must be left to the discretion of the trial judge. Here he saw the children and the parties, and his personal appraisal of them is something which cannot be disclosed by the record. We do not believe that the modification of the order was arbitrary or an abuse of discretion."

This language is fully applicable to the case at bar. See also *Searle v. Searle*, 115 Colo. 266, 172 P. (2d) 837; *Hayes v. Hayes*, 134 Colo. 315, 303 P. (2d) 238; *Wiederspahn v. Wiederspahn*, 146 Colo. 214, 361 P. (2d) 125.

It is argued by counsel for the husband that there was no credible evidence in support of the trial court's

order and judgment relating to the repayment of $8,000.00 to the wife by the husband. In this connection we direct attention to the fact that the wife alleged in her complaint that the husband was indebted to her in the amount of $8,000.00 for money borrowed by him with which to purchase the house occupied by him. There was ample evidence to support this allegation of plaintiff's complaint. The husband himself testified, inter alia, as follows:

Q. Mr. Flor, with respect to the $8,000.00 that you received from Mrs. Flor, that was used, was it not, for a down payment on the home you are now living in? A. Yes, sir, it was. Q. Had Mrs. Flor, the plaintiff, seen this home before you purchased it? A. Yes, sir, she had. Q. How many times had she seen it? A. I would say several, possibly three times. Q. Did you request of her on the day you closed, this loan for $8,000.00? A. Yes I did. Q. Was that your first request to her? A. No, sir, we had talked it over previously."

It is not seriously disputed that any property which could be considered as an asset accumulated by the parties during the period of their marriage was acquired by expenditures made from an inheritance of approximately $40,000.00 which was received by the wife from the estate of her parents. Certain it is that had this inheritance not been received by her there would have been little or nothing to quarrel about upon dissolution of the marriage. From *Nunemacher v. Nunemacher,* 132 Colo. 300, 287 P. (2d) 663, we quote the following:

"Matters of alimony and property settlement between husband and wife are within the sound discretion of the trial judge, and if supported by competent evidence will not ordinarly be disturbed on review. *Williams v. Williams,* 110 Colo. 473, 135 P. (2d) 1016; *Kleiger v. Kleiger,* 127 Colo. 86, 254 P.(2d) 426; *Mickle v. Mickle,* 125 Colo. 21,239 P. (2d) 988. We have uniformly held that we will follow the trial court's findings in matters of this kind, if they have support in the evidence."

There is ample evidence to support the findings of the trial court in the instant case and the judgment accordingly is affirmed.

Mr. Chief Justice Hall and Mr. Justice Sutton concur.