No. 19,803.

Ivonne J. Cohan *v.* Harold L. Cohan.

(372 P. [2d] 149)

Decided June 11, 1962.

Messrs. Hellerstein & Hellerstein, Messrs. Dicker-son, Morrisey & Dwyer, for plaintiff in error.

Messrs. Zarlengo, Zarlengo & Seavy, Messrs. Epstein & Epstein, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

IVONNE COHAN, hereinafter referred to as Ivonne, seeks reversal of an order in a divorce action pertaining to division of property, permanent alimony and support money.

Ivonne and Harold Cohan, the latter to be referred to as Harold, were married in 1946, and three children were born as issue of the marriage. Ivonne and Harold were each possessed of wealthy and generous parents, and through the years each acquired considerable property in the form of gifts from his or her respective parents. Accordingly, as of the date of divorce, Ivonne in her own name owned stock in the family-owned corporation (Kamen Supply Company) which had a value slightly in excess of $300,000. Similarly, Harold owned stock in his family-owned corporation (Denver Buick) which had a value only slightly less than $300,000.

The family home, which was jointly owned by Ivonne and Harold — though in the main paid for by their parents, had a value of approximately $90,000 and the furnishings for this mansion were estimated to have a value of $26,000.

Harold was employed by, and was an officer of, his family-owned corporation and his gross income for 1959 from the company was $22,800. Ivonne, who devoted her full time to management of the Cohan household, had an independent income from dividends and oil royalties which amounted to approximately $4,200 in 1959.

After full and extensive hearings, which consumed three days of court time and which developed in great detail the complete financial picture of the Cohan family, the trial court entered its order and judgment dividing the properties of the Cohans and entering a permanent

alimony and support order, which order, among other things, decreed the following:

1. That Ivonne and Harold should each keep and retain as his or her separate property their respective interests in the Kamen Supply Company and Denver Buick;

2. That the family home should be sold and the proceeds divided equally between Ivonne and Harold; but

3. That Ivonne should have first option to purchase Harold's interest in the family home for the sum of $42,626.78;

4. That should Ivonne elect not to purchase Harold's interest in the family home then Harold should have the right to purchase Ivonne's interest therein for the sum of $42,626.78;

5. That Ivonne should have as her sole and separate property all furnishings in the family home;

6. That Harold should pay Ivonne as permanent alimony the sum of $200 per month, and should also pay the sum of $300 per month as child support for the two children then living with Ivonne in the family home, the eldest child then living with Harold; and

7. That Ivonne should reimburse Harold in the sum of $600 for damage and destruction inflicted by Ivonne on Harold's clothing and personal effects.

Ivonne complains of this order in the following particulars:

1. The trial court erred in failing to award her the family residence;

2. The trial court abused its discretion in its determination of the amount of permanent alimony and support;

3. That though the oldest child was at the time living with Harold, it was still error for the trial court to award support money for only the two children then actually living with her, since the parties had stipulated in open court that any award of support money "was to be for all three minor children of the parties"; and

4. That the trial court grievously erred in ordering her to reimburse Harold in the amount of $600 for the damage she occasioned Harold by the cutting up of his wearing apparel.

Ivonne also contends that from a procedural standpoint the trial court erred in refusing to admit in evidence her exhibit AA, which was prepared by her accountant and depicted the Federal and State Income taxes payable "upon an estimated salary to Mr. Cohan, amounts of dividends and other income which would be received by Mrs. Cohan, based on alimony payments of $500 per month, child support payments of $500 per month."

 In denying admission of Ivonne's exhibit AA the trial court stated that such was prematurely offered and stated that she could "present it at the proper time." Whether the "proper time" ever arrived is not known, in any event the record fails to disclose that the exhibit was ever re-offered. The task of the trial court was to make a fair and equitable award of alimony and support, letting the taxes, and tax deductions, fall where they may. A trial court certainly may, if it be so inclined, consider the effect of State and Federal Income taxes on its contemplated award, but certainly under the circumstances of this case the trial court committed no reversible error in its conditional or qualified refusal of the exhibit.

 The division of property and the determination of proper alimony and support awards are matters uniformly held to be within the sound discretion of the trial court, and on review such orders will not be upset unless an abuse of discretion is clearly demonstrated. See, for example, *Nunemacher v. Nunemacher,* 132 Colo. 300, 287 P. (2d) 663.

Also, as aptly stated in *Urling v. Urling,* 107 Colo. 186, 109 P. (2d) 1060: "Unless it shall clearly appear that the trial court, in resolving the problems arising under

the evidence appearing in the record, acted unreasonably or arbitrarily in making the orders and awards of which complaint is made, it is not proper for this court to modify or set them aside. There is no difficulty in laying down the rule that governs. There is difficulty in applying it, because what is, and what is not, reasonable and where a reasonable discretion ends and arbitrary action begins are not susceptible of mathematical demonstration. The application of the rule necessarily introduces the factor of individual judgment, which, as between different persons in the same case, is a variable quantity."

Careful examination of the voluminous record in the instant case convinces us that the trial court did not abuse its discretion by arbitrary or high-handed action in the division of property or the alimony and support money awarded. Rather, there is ample evidence to support the findings and conclusions of the trial court. Such being the case these orders should not be disturbed on review.

■ The $300 per month support order was for the benefit of the two younger children then actually living with Ivonne. At the time of this order the oldest child, a boy, was by agreement of the parties living with his father. Under such circumstances to compel Harold to also give Ivonne a monthly sum to support the oldest child would simply mean that Harold was paying twice for the support of this particular child. Nor do we regard the verbal stipulation between the parties as requiring such incongruity. Should the oldest child resume living with Ivonne, then upon proper application there might well be an additional award for the support of such child.

■ With Ivonne and Harold owning either jointly or severally properties valued in excess of $700,000, the contention that the trial court as an incident to its division of property was powerless to order Ivonne to reim-

burse Harold in the sum of $600 for the damage which she in an outburst of uncontrolled emotion occasioned Harold's wardrobe is singularly unappealing. Presumably, Harold's wardrobe and personal effects were items of property which would be awarded to him. Ivonne's precipitous action put it beyond the power of the court to so do. Under such circumstances the trial court had authority, so far as possible, to in effect restore the *status quo.*

The judgment is affirmed.

MR. CHIEF JUSTICE DAY and MR. JUSTICE FRANTZ concur.