Opinion by
Mr. Justice Moore.
We will refer to the parties as follows: Plaintiff in error as Harry and defendant in error as Leona. They were married in Illinois in 1940 and two children were born as the issue of the marriage.
August 24, 1960, the district court refused to enter a decree of divorce upon the application of Leona and dismissed an action which she had brought for that purpose. Four months after the dismissal of the first action Leona filed a second action for divorce and in her complaint alleged that Harry had been guilty of extreme and repeated acts of cruelty consisting of the infliction of bodily violence and mental suffering. She sought a division of property, an order for custody of the minor children of the parties, attorney’s fees, etc.
Harry filed an answer in which he denied the acts of cruelty attributed to him by Leona; alleged that the matters relied upon by Leona as grounds for divorce had been resolved against her in the former action; that there had been a condonation thereof and that the conduct upon which the charges were based, “if if occurred, was justified by reason of provocative acts of plaintiff and justified by extenuating and mitigating circumstances.” Harry sought no relief other than that the complaint against him be dismissed.
Trial was to the court at which several witnesses gave testimony concerning the quarrels, fights and arguments between Harry and Leona and with relation to certain activities with third persons. Following trial the court granted a decree of divorce to Leona on the ground of cruelty. “Findings of Fact, Conclusions of Law, and Property Settlement” were entered containing the following:
“IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED:
*451 “1. That the defendant transfer his interest to the real property and furniture located at 2223 west Colorado Avenue, Colorado Springs, Colorado, to plaintiff within seven days and that if this is not done the Clerk of the Court is authorized to execute a deed conveying the interest of the defendant in said property to plaintiff.
“2. That plaintiff will assume the obligation of back taxes, house payments and all remaining obligations on said property.
“3. That the title to the 1958 Chevrolet Automobile shall be transferred to defendant.
“8. That the cemetery lots owned by the parties shall be divided equally between them.”
No appearance has been entered for Leona in this court.
As grounds for reversal it is argued by counsel for Harry that:
“[A] THE COURT ERRED AS A MATTER OF LAW IN GRANTING PLAINTIFF A DECREE OF DIVORCE.
“[B] THAT THE EVIDENCE DEMONSTRATED EXTENUATING, PROVOKING AND MITIGATING CIRCUMSTANCES AND JUSTIFICATION FOR THE ALLEGED MISCONDUCT OF DEFENDANT.
“[C] THE COURT ERRED IN REFUSING TO APPLY THE RULE OF STARE DECISIS TO PLAINTIFF’S CASE.
“[D] THE COURT’S JUDGMENT REQUIRING THE DEFENDANT TO TRANSFER HIS EQUITY IN THE REAL PROPERTY TO PLAINTIFF WAS INCONSISTENT WITH THE COURT’S FINDINGS OF FACT THAT SAID EQUITY SHOULD BE DIVIDED.”
With reference to grounds “A” and “B” above quoted from the summary of argument of Harry’s counsel, we need only say that there was sufficient evidence admitted at the trial to support the judgment of the trial court on the question of cruelty by defendant. *452 Whether there were “extenuating, provoking and mitigating circumstances” justifying the conduct of which Leona complained, was for the trial court to determine. We cannot say that as a matter of law no acts of cruelty were committed by Harry; nor can we say that the trial court abused its discretion in its appraisal of the claimed “extenuating, provoking and mitigating circumstances.”
With reference to point “C” above quoted, counsel has seemingly confused “stare decisis” with “resadjudicata.” Stare decisis is not involved in this case, and the acts of alleged cruelty upon which Leona relied were committed after the date of dismissal of the first action.
With reference to point “D” upon which counsel relies, while there is some conflict between the conclusions as expressed in the findings of the trial court respecting the value of the equities of the parties in the real estate, and the order awarding the property to plaintiff, the court was not bound to follow its initial conclusion. Generally, an order concerning a division of property in a divorce action will not be disturbed on writ of error in the absence of a showing of abuse of discretion on the part of the trial court. No such showing is present in the instant case.
From reading the full transcript of the testimony one might conclude that a preponderance of the evidence favored Harry’s side of the case, but the trial court determined otherwise and there is ample testimony to support that determination. Under such circumstances the judgment must be affirmed.
Mr. Justice McWilliams not participating.