No. 20,102.

RALPH L. McMICHAEL *v.* MERLE G. McMICHAEL.

(380 P. [2d] 233)

Decided April 1, 1963.

Mr. HAROLD D. TORGAN, for plaintiff in error.

Mr. GRAHAM SUSMAN, Mr. HYMAN D. LANDY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in reverse order to their ap-

pearance in the trial court. We refer to plaintiff in error as Ralph and to the defendant in error as Merle.

The parties were married September 1, 1957. At the time of the marriage Merle was a widow with three grown children.

The parties lived together, with the exception of a three months' separation during the summer of 1959, from September 1, 1957, until September 30, 1960, on which date Merle filed suit seeking a divorce, temporary and permanent alimony, costs, and division of property.

On June 22, 1961, Ralph was ordered to pay to Merle for attorney fees $250.00. This he has paid.

On September 5, 1961, Merle was granted a non-contested decree of divorce and there was reserved for future consideration the question of division of property, permanent alimony, support money, costs and attorney fees.

A hearing was commenced on October 25, 1961, continued to and completed on November 6, 1961, dealing with the questions reserved for future consideration.

On November 15, 1961, the trial judge made extensive findings of fact and entered his order and decree directing:

"That the Defendant shall pay through the Registry of the Court as permanent alimony the sum of $10,000 payable in monthly installments of $125 commencing on the 15th day of December 1961 and a like sum on the 15th day of each and every calendar month thereafter until monthly payments aggregating the sum of $10,000 have been paid by the Defendant."

In addition, the court ordered Ralph to pay an additional $200.00 for attorney fees.

Ralph is here by writ of error seeking reversal of the order for the payment of permanent alimony. No complaint is made of the order for additional attorney fees.

Counsel for Ralph assigns only one reason for re-

versal, namely: "The trial court abused its discretion in ordering the payment of alimony."

Testimony of the parties does not afford too clear a picture of the financial dealings of the parties; however, it does appear that at the time of the marriage Merle was worth between $80,000.00 and $150,000.00. At the time of the marriage Ralph was worth about $2500.00.

At the time of the hearing neither owned anything of appreciable value. Merle was working as a clerk in a store and Ralph was working as a TV salesman and repairman.

Just how Ralph and Merle managed to lose or live up some $80,000.00 during this brief marriage is not fully disclosed by the record; there remains no doubt that it is an accomplished fact.

During the period of over thirteen months, which expired between the commencement of this action and entry of the order for permanent alimony, no temporary alimony was ordered or paid, and Ralph contributed nothing toward the support of Merle, though the record indicates that he had money for monthly payments on two cars, for golf and living expenses for himself. From the record it also appears that Ralph had "found another woman." Whether she was a financial asset comparable to Merle, or a financial liability, is not disclosed.

█ The record discloses that at the time of the hearing Ralph owned no property, the division of which would be of substantial benefit to Merle, and no doubt this fact prompted the trial judge to enter the order for monthly payments of $125.00 permanent alimony totaling $10,000.00, requiring a period of six years and eight months for completion.

Counsel for Ralph contends that this order for the payment of $10,000.00 is not alimony, but rather a property settlement or order for reimbursement of part of the money lost in their business, and that there was not

$10,000.00 in money or property to be divided. Counsel states:

"If the $10,000 ordered to be paid constituted a property settlement, why wasn't it so described? As the Order now stands, we do not know whether it terminates on the death or remarriage of Merle, or on the death of Ralph, or whether the monthly payments are subject to modification."

This problem, which so concerns Ralph and his counsel, is not now before us for consideration. When and if Merle remarries or dies will be a suitable time for resolution of this question.

■ We have repeatedly held that the amount of alimony to be awarded is a matter within the sound discretion of the trial court and will not be disturbed if there is credible evidence to support it. *Nunemacher v. Nunemacher,* 132 Colo. 300, 287 P. (2d) 662; *Flor v. Flor,* 148 Colo. 514, 366 P. (2d) 664; *Samelson v. Samelson,* 146 Colo. 61, 360 P. (2d) 451; *Cohan v. Cohan,* 150 Colo. 249, 372 P. (2d) 149.

The judgment is affirmed.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE MCWILLIAMS concur.