No. 20,097.

BETTY S. LIGGETT v. HARRY J. LIGGETT.
(380 P. [2d] 673)

Decided April 15, 1963.

Mr. TELLER AMMONS, Mr. H. D. REED, for plaintiff in error.

Messrs. ISAACSON, ROSENBAUM, GOLDBERG & MILLER, Mr. JOHN S. PFEIFFER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THE parties here were husband and wife prior to a decree granting a divorce to both parties on May 29, 1961. Upon a hearing of the wife's application for property division and permanent alimony, the trial court found that the wife was not entitled to a division of property but did make an award of alimony requiring the husband to deposit in a trust fund $7,500.00 which was to be paid to the wife at the rate of $200.00 per month until the full sum and any increment thereof should be exhausted. From this judgment of the trial court the wife brings error.

The parties were married in 1953 when the wife was 42 years old and the husband was 57. At the time of the marriage the wife was operating a hotel in Goodland, Kansas, which she had inherited from her deceased husband. The defendant in error, at the time of his marriage to plaintiff in error, was a banker, rancher and in the insurance business in Limon, Colorado, and was engaged in the same businesses at the time of the hearing on property division and permanent alimony.

For approximately a year and a half after the marriage the wife continued to live at her hotel in Kansas

and the husband in his home in Limon. During this period of time the husband contributed upwards of $12,000.00 to the wife to pay encumbrances against the hotel, but little, if any, of this money was applied to the payment of the mortgage and it was foreclosed in the fall of 1954.

After the foreclosure the wife came to live with the husband at his home in Limon. Almost immediately thereafter it became necessary for the wife to enter a hospital for treatment and rest because of excessive use of alcohol and drugs. It was at this time that the husband learned for the first time of the wife's problem concerning alcohol and drugs. During the next six years of their married life, the wife was in some eight hospitals for treatment. There was evidence in the record that during all this period of time the wife was using alcohol and drugs to excess, although she promised the husband she would refrain from doing so.

■ The trial court found that the wife's condition was in no way caused or contributed to by the husband, that he was helpful and solicitous of the wife, sought and paid for the best medical aid, and earnestly but unsuccessfully endeavored to assist the wife in trying to overcome her addiction to alcohol and drugs. The trial court further found that the wife could regain her health and re-establish herself and lead a normal life if she had the will to do so. It then found that the wife did not contribute to the business or financial welfare of her husband but interfered therewith to his embarrassment and detriment. We must, under the well-established rule in this jurisdiction, view the testimony here in the light most favorable to the prevailing party, and when so considered we cannot say that the findings of the trial court are unsupported by the evidence.

■ It is the rule in Colorado that matters of division of property and alimony are peculiarly within the sound discretion of the trial court and will not be disturbed on writ of error except for abuse of discretion.

*Granato v. Granato,* 130 Colo. 439, 277 P. (2d) 236; *Traynor v. Traynor,* 146 Colo. 70, 360 P. (2d) 431; *Nunemacher v. Nunemacher,* 132 Colo. 300, 287 P. (2d) 662.

■ Under the circumstances here, was it an abuse of discretion for the trial court to deny the wife a division of property? We hold it was not. While it is true that to share in the husband's property it is not necessary that the wife must have contributed money or property, or that she work either in the business of the husband or elsewhere during their married life, nevertheless each case must be determined upon its own peculiar facts and circumstances, and where, as here, the court found that the wife failed during the entire period of the marriage relationship to perform her duties as a wife and a partner in the marriage relationship and did not contribute to the business or financial resources of the parties, but by her addiction and conduct constituted a drain upon the husband to his embarrassment and detriment, we cannot say as a matter of law that she is entitled to a division of property.

■ Counsel for the wife also contends that since the divorce was granted to both parties, each has been judicially determined to be guilty of marital fault and that therefore her conduct during their married life was immaterial to the issue of property division. What counsel overlooks is that the issue on the property division was not one of marital fault. It was whether the wife was entitled to a division of property by reason of having contributed to the accumulation or preservation of the assets sought to be divided, and on this issue it was proper for the court to determine whether her conduct was such as to justify her sharing in a division of such property.

■ We come next to the question whether the court abused its discretion in the award of alimony to the wife. The trial judge heard the witnesses, examined the physicians' reports and from the record presented came

to the conclusion that the wife could rehabilitate herself and thereafter engage in useful and gainful pursuits. In order that she might have an opportunity to do so, the court awarded alimony in the sum and for a period of time which it deemed reasonable to accomplish this purpose. What is and is not reasonable with respect to alimony awarded and where a reasonable discretion ends and an arbitrary action begins are not susceptible of mathematical demonstration. The trial court, with wide experience in matters of this kind, made its determination as to what it felt the reasonable needs of the wife to be in the light of her present condition. Again we cannot say that as a matter of law the court abused its discretion in limiting the period of time during which alimony should be paid by the husband. See *Nunemacher v. Nunemacher*, 132 Colo. 300, 302, 287 P. (2d) 662; *Samelson v. Samelson*, 146 Colo. 61, 360 P. (2d) 451.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE SUTTON concur.