No. 20742.

Daniel M. Kraus *v.* Bonnie M. Kraus.

(411 P.2d 240)

Decided February 21, 1966.

Creamer and Creamer, for plaintiff in error.

Alex Stephen Keller, for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

Plaintiff in error attacks that part of a divorce decree dealing with division of property. We will refer to him as Dr. Kraus and to defendant in error as Mrs. Kraus. Mrs. Kraus was awarded a 1960 Pontiac automobile, all household furniture, furnishings and equipment in her possession, and the sum of $14,000 in cash. Each of the parties is to retain all other assets in his or her possession. An order of the court to pay Mrs. Kraus $200 per month as alimony is not challenged.

Controversy in this proceeding centers around the propriety of the order of the trial court awarding Mrs. Kraus $14,000 in cash. To resolve the only dispute before us requires a recital of some of the evidence.

At the time of the divorce, the parties had been married approximately seven and one-half years. There are no children involved.

At the time of their marriage in 1955, Dr. Kraus possessed assets amounting to $38,066.96, while Mrs. Kraus had assets amounting to $36,223.80. At the time of the hearing on the property settlement, Dr. Kraus had increased his assets to $53,016.10, and Mrs. Kraus had accumulated additional wealth aggregating $54,011.91. The latter's assets were in liquid form, consisting of securities and bank accounts.

There appears of record a "Letter of Understanding" whereby Mrs. Kraus' father evinces his intent to distribute $100,000 to her in the amount of $6,000 annually, each annual installment to count as a credit toward the total amount. At the time of the hearing, Mrs. Kraus had received installments amounting to $42,000 under the terms of this instrument. Mrs. Kraus also receives monthly dividends from her securities and savings accounts in the approximate amount of $143 and $97 as a Social Security disability benefit.

Dr. Kraus' net earnings from his practice of medicine have been $90,634.72, ranging from $9,735.76 in 1955 to $16,963.72 in 1962. It further appears that at one point during the marriage Dr. Kraus left the active practice of medicine and moved to Hawaii with Mrs. Kraus, admittedly because of her physical condition, although no medical testimony was presented which would indicate that such a move was essential.

A substantial part of the record is devoted to the health of Mrs. Kraus and some testimony was given concerning Dr. Kraus' physical condition. The trial court had an opportunity to see and hear the parties, and from the record determined Mrs. Kraus' ability to earn a livelihood is doubtful.

The legal principles underlying the disposition of this cause are fundamental and require no extensive exposition. Matters of property division and alimony rest within the sound discretion of the trial court and will not be disturbed on review except for its abuse. *Cohan v. Cohan*, 150 Colo. 249, 372 P.2d 149; *Harvey v. Harvey*, 150 Colo. 449, 373 P.2d 304. Marital fault is not an issue in proceedings for property division. Whether the wife has contributed to or in some manner aided in the accumulation or preservation of the assets sought to be divided must be ascertained. *Liggett v. Liggett*, 152 Colo. 110, 380 P.2d 673. Each case must be decided on its own facts and circumstances. This court held in *Nunemacher v. Nunemacher*, 132 Colo. 300, 287 P.2d 663:

"Many factors enter into the determination of what division of property shall be made in the event of a divorce. Among these are the value of the estate to be divided; the financial condition of the parties; the ability of each spouse to earn money; how the property was acquired; the age and status of the parties, and all pertinent facts and circumstances bearing on the question."

Mrs. Kraus' contribution to the "accumulation or preservation of the assets sought to be divided," *Liggett v. Liggett, supra,* was approximately $24,000 out of her

separate income of in excess of $42,000 received from her father plus her monthly income from securities and pension. Whether $14,000 is a precise, correct figure is to be determined by the trial court. Perhaps $7,000, $8,000 or $9,000 would be a more equitable sum. Nevertheless we cannot substitute our view of what we might have done for the judgment of the trial court.

Judgment affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE PRINGLE dissent.

MR. JUSTICE FRANTZ dissenting:

On the question of division of property in a divorce proceeding, the trial court should consider many factors. Among these factors are the health of the parties and their mental and physical condition. 27B C.J.S. § 295 (2). See *Nunemacher v. Nunemacher*, 132 Colo. 300, 287 P.2d 663.

In the consideration of this case the trial court did place great emphasis upon the physical condition of Bonnie. It made a finding that Bonnie's ability to earn a livelihood was "doubtful." The record, on the contrary, conclusively shows that she could work at sedentary occupations, work which the record also shows she was qualified to do.

If the property division in this case was in part based upon this erroneous finding of the court — a matter that I am unable to determine, although I believe it is indicated — the case should be reversed and a division made upon a proper finding.