Mr. Justice Schauer
delivered the opinion of the court.
We will refer to plaintiff in error as plaintiff and to defendant in error as defendant, such being their positions before the trial court.
The parties were married on December 9, 1946, and separated in July 1957. In January 1957, the plaintiff first left the home of the parties for a period of several months. On October 29, 1957, the plaintiff was granted a divorce in Nevada based on substituted service of •summons which was predicated on the fact that defendant had refused to accept personal service. Both parties were employed during most of the time they lived together, plaintiff as a waitress and bartender, defendant as a barber.
On October 7, 1954, the parties purchased a home, which is the subject of this action. Title was taken in joint tenancy. They occupied this home up to the time of their separation and defendant continued to occupy it up to the time of the trial.
Between the time of separation and the time of trial both parties remarried. The question of the custody and support of a minor son of the parties, as well as the division of their personal property, has been agreed upon amicably. The only property remaining to be considered is the home, title to which is still in joint tenancy.
The instant action was commenced on March 29, 1963, by the filing of plaintiff’s complaint, setting out the fact of the divorce, the lack of jurisdiction in the Nevada court over the property of these parties in Colorado, and, inter alia, praying for a complete adjudication of the rights of the parties in and to the real estate. *345 By his answer, defendant pleaded that plaintiff was estopped to claim any interest in the property because of her abandonment of it, and that, relying upon the abandonment, defendant had preserved and improved the dwelling. As and for a counterclaim, defendant prayed that title be quieted in him because of his possession of the property under claim or color of title and by virtue of payment of taxes for a period of more than seven years. At the pre-trial conference, the action was designated as one in which plaintiff seeks a division of property only. It was admitted that the trial court had jurisdiction of the parties and the subject matter of the action. Moreover, in his opening statement, counsel for the plaintiff stated that the only property in issue was the residence occupied by the defendant.
Trial was had to the court without a jury. The court found the market value of the property to be $12,000; that defendant had expended for improvements and preservation of the property since 1957 the sum of $6206; that there presently exists a deed of trust encumbering the property upon which there is an unpaid balance of $5000, leaving an interest in the property to be divided equitably between the parties valued at $794.
Judgment was entered directing defendant to pay into the registry of the court an amount equivalent to one-half of the balance, or $397, as plaintiff’s equitable share in the division of the property. The court further decreed that the plaintiff be divested of all right, title and interest in the property, and that the judgment should have the effect of a conveyance of her interest in the property. Motion for a new trial was dispensed with.
We have reviewed the record and find that the judgment is supported by competent evidence. The plaintiff testified that her earnings had been expended for food, clothing and other necessities, and that she “supposed” a part of her earnings had been applied to *346 the purchase price of the home. She stated that she would have voluntarily conveyed her interest in the home to defendant had he been more cooperative in the “accumulative service” of her divorce. She admitted that she had paid nothing on the existing encumbrance, the insurance, taxes or upkeep since the separation because she believed that these expenses should be paid by the defendant since he was occupying the house. It was admitted that defendant had contributed to the family expenses ever since the marriage. According to plaintiff’s testimony, her present husband, Davis, whom she married two weeks after her divorce, has supported her during the six years prior to filing this action. Moreover, the evidence reveals no apparent need for a permanent home, as she travels most of the time with Davis, an itinerant musician. In her opinion the market value of the property is between $13,000 and $14,000.
The defendant fixed the market value of the property at $12,000, and presented cancelled checks for all of his expenditures for taxes, insurance, mortgage payments, and other incidentals, for which the court gave him credit in the judgment. After June 1957 he made the payments for a family room and two-car garage and other improvements at his own expense, and filed vouchers therefor. The original purchase price of the home was approximately $8000, financed by his down payment and a deed of trust for $7000. His estimate of the present market value is partly based upon a market value of $8500 in 1957, plus the amount he has expended for improvements and the gradual increase in values in the neighborhood.
In an effort to boost the market value, plaintiff called as a witness a real estate salesman who had spent fifteen minutes looking over the property at her request. He admitted that he was not a licensed or certified real estate appraiser. He frankly acknowledged that he was not qualified to testify as an appraiser or to fix market values in accordance with standards *347 adopted by such appraisers. His testimony may well have been disregarded by the trial court.
In brief, the trial court accepted $12,000 as the market value of the property, based upon the testimony of defendant, shown to be the best qualified witness to fix such value. The court then deducted the amounts expended by defendant in improving and maintaining the property, as shown by cancelled checks and vouchers covering all of such expenditures. It then deducted the balance due on the existing encumbrance, and granted plaintiff judgment for one-half of the resulting balance, awarding the home to defendant, who had paid for it originally and had maintained it at his own expense since 1954. There is no competent evidence to show that any part of plaintiff’s earnings were ever used for these purposes.
The issues were resolved by an experienced trial judge exercising the discretion imposed upon him in controversies of this nature. Under the circumstances of this case and the principles enunciated in Liggett v. Liggett, 152 Colo. 110, 380 P.2d 673; Nunemacher v. Nunemacher, 132 Colo. 300, 287 P.2d 663, and Shapiro v. Shapiro, 115 Colo. 505, 176 P.2d 363, we are not moved to disturb the judgment of the trial court.
The judgment is affirmed.
Mr. Chief Justice Sutton and Mr. Justice Day not participating.