529 P.2d 1362 (1974)
Barbara L. RIEGER, formerly known as Barbara L. Christensen, Plaintiff-Appellee and Cross-Appellant,
v.
Donald A. CHRISTENSEN, Defendant-Appellant and Cross-Appellee.
No. 73-264.
Colorado Court of Appeals.
December 24, 1974.
*1364 Sonheim & Helm, Robert H. Sonheim, Arvada, for plaintiff-appellee and cross-appellant.
Meer, Wolf & Slatkin, P. C., Albert B. Wolf, Walter Slatkin, Denver, for defendant-appellant and cross-appellee.
Not Selected for Official Publication.
PIERCE, Judge.
The parties to this action, hereinafter referred to as "Wife" and "Husband," were married in 1951. Upon a complaint filed in November of 1971,[1] on March 27, 1972, Wife was granted a decree of divorce and given custody of their five children.
Thereafter, pursuant to stipulation of the parties, the court entered orders regarding alimony and child support, but took the question of their property settlement under advisement. On March 19, 1973, the court entered an order dividing the parties' assets and ordering Husband to pay Wife $2000 of Wife's attorney's fees. Both parties have appealed from this order. We affirm in part and reverse in part.

Wife's Entitlement To Property Division
At the hearing, Husband testified that Wife had performed her housekeeping and parental duties throughout their marriage. He also testified that she had worked outside the home for the first year of marriage and for a couple of weeks later in the marriage. However, the court's property division order was not based upon Wife's gainful employment, but rather upon her "companionship and encouragement" and her "efforts for over twenty years in providing a home for Mr. Christensen and his children."
Division of the parties' property at the time this case was heard was governed by C.R.S.1963, 46-1-5(2), which authorized the court to make orders "relative to division of property, in such proportions as may be fair and equitable." It is well settled that matters of property division are within the sound discretion of the trial court and that, absent an abuse of discretion, the trial court's determination will not be disturbed on review. Kraus v. Kraus, 159 Colo. 331, 411 P.2d 240.
Husband does not contest the doctrine that a spouse need not have contributed funds or efforts to the acquisition of the specific property awarded to that spouse. See, e. g., Santilli v. Santilli, 169 Colo. 49, 453 P.2d 606. Rather, he argues, more broadly, that a wife who engages only in domestic activities does not contribute to the acquisition of any property and that, therefore, Wife is not entitled to a property division. We disagree.
The efforts of the respective parties in accumulating wealth is only one of many factors that are relevant in the division of marital partners' property, Carlson v. Carlson, 178 Colo. 283, 497 P.2d 1006, and sizable property awards to a wife have been approved without mention of whether the wife directly aided in the accumulation of wealth. See, e. g., Phillips v. Phillips, 171 Colo. 127, 464 P.2d 876; Liggett v. Liggett, 152 Colo. 110, 380 P.2d 673; Walden v. Walden, 147 Colo. 221, 363 P.2d 168.
It is also well established that a wife's housekeeping labors are a factor to *1365 be considered in dividing property under C.R.S.1963, 46-1-5(2), see Kalcevic v. Kalcevic, 156 Colo. 151, 397 P.2d 483, just as they now are to be considered under the Uniform Dissolution of Marriage Act, 1971 Perm.Supp., C.R.S.1963, 46-1-13(1)(b). These services are necessary to the maintenance of a civilized life style and if they were not performed by one of the parties, the parties would be forced to hire other persons to perform these services. Because our other holdings require that the cause be remanded to the trial court for a redivision of the property, we decline to rule on Husband's alternative argument that the property award was an abuse of discretion.

Elements of the Distributable Estate
The size of the estate to be distributed by the court has two components: first, the items of property to be included within the estate; second, the valuation of those items of property. We shall discuss the components in the order listed here.
Titan Corporation, Husband's employer, declared and paid to Husband a bonus in the net amount of $15,181.44. The trial court found, upon sufficient evidence, that the bonus actually was authorized several days after the entry of the decree of divorce in this case. The court then concluded that "this bonus was acquired after the decree and is nonmarital property, and is not subject to distribution as property acquired or earned during the marriage."
We cannot agree with the trial court's conclusion on this issue. C.R.S.1963, 46-1-5(2), does not limit the distributable estate to those assets that were accumulated through joint efforts of the spouses, see Santilli v. Santilli, supra, or to property that was generated during the marriage. See Walden v. Walden, supra; Traynor v. Traynor, 146 Colo. 70, 360 P.2d 431. The statute broadly authorizes the trial court to "make an equitable and just division of the property of persons involved in divorce proceedings as that property is shown to exist at the time of the order entered with regard thereto." Menor v. Menor, 154 Colo. 475, 391 P.2d 473 (emphasis added).
In the instant case, the evidence showed, and Husband does not dispute, that the bonus was conferred in consideration of Husband's efforts for Titan Corporation during a period prior to the divorce decree. Thus, the acquisition of the bonus was as much a product of Wife's "companionship and encouragement" as was the acquisition of various properties received prior to the divorce decree. The bonus "existed" within the meaning of the rule from Menor at the time of the property division order, and neither Husband's interest in the bonus nor the amount of the bonus was uncertain or speculative at the time the property division order was entered. Cf. Kalcevic v. Kalcevic, supra, and Polate v. Polate, 331 Mich. 652, 50 N.W.2d 190. Since the right to the bonus had accrued prior to the decree, on remand, the trial court shall include the net amount of the bonus in the property to be distributed to the parties.
The trial court valued the distributable assets as of the date of the divorce decree, March 27, 1972, apparently believing its ruling was mandated by law. Wife contends that the assets should have been valued as of the date of the property division hearing.
Husband places reliance upon several cases which state that marital assets "must be valued at the time of the decree." Kalcevic v. Kalcevic, supra; see also Stephenson v. Stephenson, 134 Colo. 96, 299 P.2d 1095. However, these opinions employ the word "decree" in reference to both the divorce decree and the property division decree. However, we have discovered no decision expressly disapproving valuation of the assets at a date other than the date of the "decree." Several cases have approved property division apparently based upon valuation as of the date of the property division hearings. See Phillips v. Phillips, supra, and Menor v. Menor, supra. Most significantly, the case of Donnelly v. Donnelly, 167 Colo. 229, 449 P.2d *1366 350, allowed the trial court to choose between the date of the parties' separation and the date of the entry of the divorce decree. Taken together, the cases implicitly establish the rule that the trial court has discretion in determining the proper date at which to value the marital assets, so that the court can arrive at a "fair and equitable" division of property as is required by C.R.S.1963, 46-1-5(2).[2] Therefore we remand to afford the trial court an opportunity to exercise its discretion in this matter.
Although the case is to be remanded, two issues relative to valuation of the assets can appropriately be resolved on this appeal. First, Wife argues that the trial court erred in valuing Husband's interest in Anker Corporation, a corporation wholly controlled by Husband, at $18,500. Wife entered into evidence an annual report of Anker Corporation which valued Husband's interest at approximately $76,000. However, Husband testified without contradiction that the $76,000 figure was based upon an anticipated transfer of property to the corporation which never occurred, and that the true value of the corporation was approximately $18,500. Therefore, the trial court's valuation is supported by the evidence, and will not be disturbed on review. This valuation is, however, subject to change should the trial court elect a different valuation date upon remand.
Second, the trial court valued Husband's interest in Titan Corporation at $50,000. Both parties contest this finding. The principal evidence of Husband's interest in Titan Corporation was the corporate books, financial statements and monthly work sheets, and Husband's opinion testimony. There was no expert testimony. The court found that Husband's stock in the corporation had a net book value of $25,000 on March 31, 1972. Without basis in evidence, the court stated that "the net book value of a going, active corporation is a very conservative estimate of the current market value of outstanding stock, however." The court took into consideration the past profits of the corporation, the corporation's ability to pay relatively high executive salaries and bonuses, the amount of outstanding work contracts which the corporation held, and the "annual earnings over a four, five and six year period," in arriving at its valuation of $50,000.
The evidence is insufficient to support the court's valuation of Husband's interest in Titan Corporation at $50,000, and therefore the finding must be reversed. Anderson v. Cold Spring Tungsten, Inc., 170 Colo. 7, 458 P.2d 756; see Bell v. Bell, 156 Colo. 513, 400 P.2d 440, and Donnelly v. Donnelly, supra. The final valuation of this asset is also dependent upon the valuation date selected by the trial court.

Evidentiary Matters
Wife maintains that the trial court erred in excluding from evidence Husband's 1970 financial statement. Husband apparently had not compiled financial statements for 1971 and 1972, but other evidence adduced at the hearings was sufficient to show Husband's current net worth. The court properly rejected the 1970 statement as being too remote. See Bell v. Bell, supra, and Larson v. Long, 74 Colo. 152, 219 P. 1066.
Husband contends that the trial court erred in allowing one of Wife's witnesses to testify as an expert furniture appraiser. The initial determination of a witness's qualifications and knowledge to testify as an expert witness is a matter for the trial court, whose determination will not be upset on appeal unless clearly erroneous. Dolan v. Mitchell, Colo., 502 P.2d 72; Oglesby v. Conger, 31 Colo.App. 504, 507 P.2d 883. The witness was a furniture *1367 salesman who testified that he had, in the past, purchased used furniture for his employer and that he had made appraisals of new and used furniture. Therefore, we cannot say that the trial court's determination that the witness was qualified to testify as an expert was clearly erroneous.
The property division order may be significantly altered on remand. Therefore, we decline to consider Husband's argument that the property division order was confiscatory or the complaint of both parties that the amount of the award of attorney's fees to the Wife was improper.
Judgment affirmed in part and reversed in part and cause remanded for proceedings not inconsistent with this opinion.
COYTE and SMITH, JJ., concur.
NOTES
[1] The statutes applicable to this proceeding are those which existed prior to the enactment of the Uniform Dissolution of Marriage Act. 1971 Perm.Supp., C.R.S.1963, 46-1-33.
[2] Unlike C.R.S.1963, 46-1-5(2), the Uniform Dissolution of Marriage Act expressly provides that the assets must be valued either at the date of the dissolution decree, or at the date of the hearing on disposition of property if such hearing precedes the dissolution decree. Colo.Sess.Laws 1973, ch. 163, 46-1-13(5) at 554.