530 P.2d 1001 (1974)
In re the MARRIAGE OF Genevieve ICKE, Petitioner-Appellee, and
Lewis A. Icke, Respondent-Appellant.
No. 74-027.
Colorado Court of Appeals, Div. II.
November 26, 1974.
Rehearing Denied December 10, 1974.
Certiorari Granted February 3, 1975.
*1002 Macy & Boulter, Stuart L. Boulter, Northglenn, for petitioner-appellee.
John A. Kintzele, Denver, for respondent-appellant.
Selected for Official Publication.
STERNBERG, Judge.
The respondent husband appeals from permanent orders entered by the trial court, alleging an abuse of discretion in this case which was tried under the Uniform Dissolution of Marriage Act. Finding no error, we affirm.
This was a marriage of 18 years duration. Four children had been born as issue thereof. At the time of the hearing, the oldest was married and emancipated. Of the remaining three children, custody of the eldest boy was awarded to the husband, while the wife was given custody of a younger boy and girl. The husband was ordered to pay child support of $110 per month for each of these two children. The court also divided the property of the parties, made provision for their debts, and ordered the husband to pay a portion of the wife's attorney's fees.

I.
At the time of their marriage, when both parties were minors, they used money given them by their parents to purchase a vacant lot on Clay Street in Denver. A house was moved onto this lot, and a security interest in the property was given to the husband's parents. The parties lived in this home for several years. After attaining their majority, they conveyed title to the husband's parents in order to prevent creditors from attaching it. (The parents, who continue to hold title to the property, were not joined in this litigation.) The parties moved from the Clay Street property, but leased it to a third party and kept a portion of the money received as rent.
After moving from the Clay Street property, the parties purchased a home, which was their family home at the time of these proceedings. At the time of trial they had a $9,000 equity in this home. After the separation of the parties, the husband moved back into the Clay Street house.
The court awarded the husband "any and all equitable interest, if any," in the Clay Street property, and awarded the family home to the wife, subject to the deed of trust. The $9,000 equity in the family home was ordered divided equally between the parties, but of the husband's $4,500, $2,500 was set off as the value of the wife's interest in the Clay Street property, and $2,000 credited as lump-sum alimony. Thus, the effect of these interrelated orders was that the wife received the $9,000 equity in the family home, while the husband was awarded the entire equitable interest in the Clay Street property. The husband objects to these orders, claiming that the trial court improperly took jurisdiction over the Clay Street property when the legal owners thereof were not before it, and that there is no authority for, nor reason to award, maintenance in gross in this case.
In arriving at its order, the court properly considered that the matters of maintenance and division of property are interrelated. Nunemacher v. Nunemacher, 132 Colo. 300, 287 P.2d 662. Such matters "rest within the sound discretion of the trial court and will not be disturbed upon review except for its abuse." Kraus v. Kraus, 159 Colo. 331, 411 P.2d 240. We find no abuse of discretion on the part of the trial court. It was not necessary for the owners of legal title to the Clay Street property to be before the court for it to make orders relating to the equity the parties had in that property. We further conclude that the trial court, based on the facts before it, was awarding the husband something of significant monetary value when it gave him the entire equity of the *1003 parties in the Clay Street property. It is not necessary that the dollar value of the equity in the Clay Street property be determined with such precision that it can be compared with the value of the equity in the family home, since, while a division of property must be equitable, it is not necessary that it be equal. See Thompson v. Thompson, 30 Colo.App. 57, 489 P.2d 1062.
The choice between awarding maintenance in gross or by periodic payments is a matter within the discretion of the trial court, to be governed by the circumstances of each case. Carlson v. Carlson, 178 Colo. 283, 497 P.2d 1006. It was not an abuse of discretion for the trial court to order maintenance in gross under the facts of this case.
Contrary to the husband's argument, we find nothing in the Uniform Dissolution of Marriage Act (1971 Perm.Supp., C.R.S.1963, 46-1-1 et seq.) which changes the law regarding maintenance in gross from the principles enunciated in Carlson, supra.

II.
The court ordered each party to maintain all life insurance policies on their lives with the children as beneficiaries. In interpreting the provisions of the statute that formerly controlled, C.R.S.1963, 46-1-5, the Supreme Court held in Laws v. Laws, 164 Colo. 80, 432 P.2d 632, that a court's power to order a father to support his children did not encompass a mandate that insurance policies be maintained with his children as beneficiaries. 1971 Perm.Supp., C.R.S.1963, 46-1-22(3), states that:
"Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child but not by the death of a parent obligated to support the child. . . . " (Emphasis supplied)
We hold that this statute constitutes a legislative change in the law and makes the holding in Laws, supra, and other cases decided under the old statute no longer applicable to the question of insurance. Thus, a court may order that life insurance be maintained by a parent obligated to pay child support, just as its provisions for child support now extend beyond the death of the parent, unless otherwise provided.

III.
The husband also contends that the court erred in ordering him to pay the amount of $250 toward the wife's attorney's fees, in awarding too much child support, and in failing to make sufficient findings of fact. We have examined the record and find these allegations to be without merit. The awarding of attorney's fees and the amount of support payments are discretionary with the trial court and will not be disturbed on review if supported by the evidence, as they are in this case. Graves v. Graves, 171 Colo. 20, 464 P.2d 291. The findings and conclusions of the court are quite adequate, as they are sufficient to inform us of the basis for its actions. Compare Mowry v. Jackson, 140 Colo. 197, 343 P.2d 833, with Lininger v. Lininger, 138 Colo. 338, 333 P.2d 625.
Judgment affirmed.
ENOCH and PIERCE, JJ., concur.